IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT A. STOWMAN, III, et al., )
       Plaintiffs, )
        ) **C.A. No. 06-226 Erie**
vs. ) **District Judge McLaughlin**
        ) **Magistrate Judge Baxter**
**DEBRA A. ASTORI,** )
       **Defendant.** )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's remaining claim against Defendant Debra A. Astori be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d).

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On October 2, 2006, this *pro se* civil rights action was instituted by Plaintiff Robert A. Stowman, Jr., on behalf of himself and his two minor children, Robert A. Stowman, III, and Samantha N. Stowman, pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint named the following Defendants: Ridgway School District ("Ridgway"); Gary Elder, former Superintendent of Ridgway ("Elder"); Karen Skull, Assistant to the Superintendent of Ridgway's special education program ("Skull"); David S. Pontzer, Esquire, Solicitor for Ridgway ("Pontzer"); William M. Connelly, Principal of the Ridgway's middle school ("Connelly"); James Cline, Principal of Ridgway's elementary school ("Cline"); The Honorable Richard A. Masson of the Elk County Court of Common Pleas ("Judge Masson"); and Debra A. Astori, the mother and custodial parent of the two minor Plaintiffs ("Astori").

In his Complaint, Plaintiff has made several allegations challenging: (I) the special education placement of his son, Robert A. Stowman, III; and (ii) certain actions that were taken

1

by one or more of the Defendants in reliance upon a custody order that was entered by Defendant Judge Masson on December 28, 2005, regarding Plaintiff's two minor children. These allegations include the following, which are set forth verbatim from Plaintiff's Complaint:

> 4. On May 17, 2006, [Defendant Connelly] ... denied [Plaintiff] custody of his son for the purpose of after school tutoring.... [in] violation of [Plaintiff's] unalienable rights protected under the 14th Amendment ...
>
> 5. [Defendant Pontzer], thru correspondence with [Defendant Elder], disclosed that [Defendant Judge Masson] had communication with Elder regarding [Plaintiff's] parental rights. [Defendant Judge Masson] had no legal authority to adjudicate [Plaintiff's] parental rights outside the courtroom ...
>
> 6. [Defendant Ridgway] violated Robert A. Stowman, III's civil rights by educating him in a 'place', rather than in the least restrictive environment possible, by educating him in a separate room. [Defendant Ridgway] did so by fraudulently maintaining him in an IEP program absent proper criterion needed for enrollment.
>
> 7. [Defendant Ridgway], after Robert A. Stowman, III willingly informed his ... IEP teacher ... that he did not live in the Ridgway School District, refused to take action [to remove him from the IEP program].
>
> 8. [Defendant Ridgway] has been receiving federal funding fraudulently for the past three years by maintaining the enrollment of Robert A. Stowman, III in their [sic] IEP program; a non-resident of [Ridgway].
>
>               \*           \*           \*
>
> 10. [Defendant Astori], via the use [of] a falsified Pennsylvania driver's license, enrolled both minor children in [Ridgway], despite the fact that they were not residents.... [Defendants Ridgway and Connelly] conspired with [Defendant Astori], by refusing to question children, investigate, document and/or enforce the residency school policy, despite [Plaintiff's] request.
>
> 11. [Defendant Pontzer], maliciously and deliberately, advised [Defendant Ridgway] that paragraph G of an Order adjudicating [minor] Plaintiffs' [paternal] grandparent's rights, that [Plaintiff] had 'no' rights, when the Order clearly spoke of [Plaintiff's] independent custodial rights.
>
> 12. On May 17, 2006, [Defendant Cline] violated [Plaintiff's] civil rights by denying [him] custody of his daughter, Samantha N. Stowman, absent any restrictive court orders.

As relief for his claims, Plaintiff seeks injunctive relief, including: (I) the immediate

2

removal of Robert A. Stowman, III from all IEP classes; (ii) prohibiting Defendant Ridgway from denying Plaintiff access to his children; (iii) mandating that Defendant Ridgway enforce its residency and enrollment policy; (iv) mandating that Defendant Ridgway investigate the residency of the minor Plaintiffs, with the intent of removing them from the school district; and (v) an investigation of Defendant Ridgway for fraudulent use of educational federal funding.

Defendant Judge Masson and Defendants Ridgway, Elder, Skull, Connelly and Cline ("School District Defendants") previously filed motions to dismiss the claims against them. [Document ## 8 and 20, respectively].[1] On May 31, 2007, this Court issued a Report and Recommendation recommending that these motions to dismiss be granted and that Plaintiff's claims against Defendant Judge Masson and the School District Defendants be dismissed. [Document # 26]. This Court's recommendation was adopted by Memorandum Order of District Judge Sean J. McLaughlin, dated June 28, 2007. [Document # 30]. This left only those claims against Defendants Pontzer and Astori.

On June 27, 2007, Defendant Pontzer filed a motion to dismiss Plaintiff's claims against him based on the same arguments previously raised by the School District Defendants. [Document # 28]. By Report and Recommendation dated December 6, 2007, this Court recommended that Defendant Pontzer's motion to dismiss be granted. [Document # 32]. This recommendation was adopted by District Judge Sean J. McLaughlin by Memorandum Order dated January 4, 2008. [Document # 33]. As a result, the only Defendant left in this case is Astori, who, according to Plaintiff, received service of the Complaint on January 4, 2007. (See Document # 25, Affidavit of Service). However, Defendant Astori has not filed any response, nor has an attorney entered an appearance on her behalf.

---

[1] Although they were served with Plaintiff's Complaint, neither Defendant Pontzer nor Defendant Astori had filed any responsive pleading at the time the other Defendants filed their motions to dismiss.

3

**B.     Prison Litigation Reform Act**

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989) the U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statue not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), *quoting* Conley, 355 U.S. at 45-46. If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v.

4

MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.*, Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

Here, Plaintiff essentially makes two claims against Defendant Astori: (I) that she conspired with Ridgway to violate Plaintiff's "unalienable parental rights by ... providing a handwritten letter kept on file," which stated that Plaintiff did not "have custody or even a visitation order at this time" (Complaint at ¶ 9 and Exhibit C); and (ii) that she used a falsified Pennsylvania driver's license to enroll both minor Plaintiffs at Ridgway, "despite the fact that they were not residents" (Complaint at ¶ 10). As a result, Plaintiff requests an investigation into Ridgway's admission standards and use of federal funding in connection with its IEP program, and seeks an order prohibiting Ridgway "from denying [him] access to his children, absent a court order restricting him otherwise." (Complaint at p. 5). However, the underlying legal basis for each of these claims has already been considered and dismissed by this Court in each of its previous Reports and Recommendations in this case. (See Document ## 26 and 32).

In particular, with regard to Plaintiff's custody/parental rights claim, this Court previously decided that: (I) the relief sought by Plaintiff would render the state court custody decision "ineffectual," in violation of the Rooker-Feldman doctrine.[2] Rooker, 263 U.S. at 415-16 (1923); see also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 281 (2005) (affirming that Rooker- Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district

---

2

This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983), and prohibits federal courts "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted).

court proceedings commenced and inviting district court review and rejection of those judgments"); and (ii) the Court is precluded from granting the relief Plaintiff seeks by the domestic relations exception to federal jurisdiction, which "divests federal courts of the power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); see also In re Burrus, 136 U.S. 586, 594 (1890)("[a]s to the right to the control and possession of [a] child, ... it is one in regard to which neither the Congress of the United States nor any authority of the United States has any special jurisdiction"). Thus, this Court lacks subject matter jurisdiction to consider Plaintiff's custody/parental right claim.

Furthermore, with regard to Plaintiff's claim challenging Defendant Astori's role in having his children enrolled at Ridgway, this Court previously determined that such a claim is governed exclusively by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, which provides a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child [with disabilities], or the provision of a free appropriate public education to such child. 20 U.S.C. § 1415(b)(6).[3] Because Plaintiff has no private right of action under § 1983 to enforce his statutory rights under the IDEA, his § 1983 claim against Defendant Astori regarding her enrollment of his children at Ridgway is not actionable.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's claims against Defendant Debra A. Astori be dismissed as legally frivolous in accordance with 28 U.S.C.

---

[3] In particular, 20 U.S.C. § 1415(k)(3)(B)(ii) provides, in pertinent part, that

> ... the hearing officer may order a change in placement of a child with a disability. In such situations, the hearing officer may - -
> (I) return a child with a disability to the placement from which the child was removed; or
> (II) order a change in placement of a child with a disability to an appropriate interim alternative educational setting for not more than 45 school days if the hearing officer determines that maintaining the current placement of such child is substantially likely to result in injury to the child or to others.

§ 1915(d), and this case should be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        S/Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        Chief U.S. Magistrate Judge

Dated: April 7, 2008

cc:    The Honorable Sean J. McLaughlin
       United States District Judge